UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOANNA WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15 CV 23 |
| | ) |
| ST. JOSEPH COUNTY and | ) |
| ST. JOSEPH COUNTY ADULT | ) |
| PROBATION DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Joanna Wilkins ("Wilkins") filed this action alleging that her employment was terminated in violation of the Americans With Disabilities Act, 42 U.S.C. § 12111 *et seq.* St. Joseph County, on behalf of the defendant named as "St. Joseph County Adult Probation Department" (hereinafter, "Probation Department"), has moved to dismiss the complaint against the Probation Department for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Wilkins has not responded to the motion. Taking that as a concession that the grounds asserted in the motion are correct, and based on the brief analysis that follows, the motion will be granted.

Taking the well-pleaded factual content in the complaint as true, dismissal for failure to state a claim pursuant to Rule 12(b)(6) is appropriate when those facts are enough to make a right to relief plausible, meaning more than speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Vinson v. Vermilion Cty., Illinois*, 776 F.3d 924, 928 (7th Cir. 2015). In this case, the

problem with the facts pleaded does not lie in the circumstances alleged with respect to Wilkins' termination, instead it is with respect to the status of the Probation Department as a party.

Wilkins alleges that she "was employed by St. Joseph County and its Adult Probation Department as a probation officer." (DE # 1 at ¶ 7.) In other words, she was employed by one entity—St. Joseph County—within a county department. Nevertheless, in addition to naming St. Joseph County as a defendant she has also named the Probation Department as a separate defendant.

The capacity of a party to sue or be sued, for those who are not individuals or corporations, is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Under Indiana law, a "[m]unicipal corporation" is a "unit, . . . or other separate local governmental entity that may sue and be sued." Ind. Code § 36–1–2–10. A " '[u]nit' means county, municipality, or township." Thus, while a county can sue or be sued, the Indiana statutory scheme does not grant departments within a county which have no independent existence, such as the Probation Department, the capacity to sue or be sued. *Compare Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (Indiana city municipal police departments are not entities that can be sued), *with Argandona v. Lake Cty. Sheriff's Dep't*, No. 2:06 CV 259, 2007 WL 518799 (N.D. Ind. Feb. 13, 2007) (Indiana county sheriffs' departments are municipal entities separate from county and can sue and be sued).

Wilkins has not responded to the motion to dismiss making any showing that the Probation Department has an existence separate from the county, as opposed to being merely a department within county government, and the court cannot independently find any statutory or other authority to suggest that is the case. Thus, under Indiana law, the Probation Department is not an entity with the capacity to sue or be sued. By definition, a claim against an entity that cannot be sued fails to state a claim.

For this reason, the motion to dismiss filed by St. Joseph County on behalf of its Adult Probation Department (DE # 10) is **GRANTED**. Plaintiff Wilkins and defendant St. Joseph County are to confer and to contact Magistrate Judge Cherry's Case Management Deputy to schedule a preliminary conference.

**SO ORDERED.**

Date: April 14, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT